# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-13-111-F |
| ) | |
| ROGER PRESTON KUHN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Roger Preston Kuhn, proceeding *pro se*, has filed a petition seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1]  Doc. no. 49.  Plaintiff United States of America has responded in opposition to the petition.  Doc. no. 52.  The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to Counts 1 and 2 of a Superseding Information charging receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of materials containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  The Probation Office prepared a presentence investigation report, which calculated defendant's total offense level at 35 and criminal history category at III.  The criminal history category was calculated based upon defendant's prior state convictions for possession of marijuana.  With a total offense level of 35 and a criminal history category of III, defendant's advisory

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  <u>Yang v. Archuleta</u>, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

guideline range was 210 to 262 months of imprisonment.  At sentencing, the court adopted the presentence investigation report, with one minor change relating to a special condition, and sentenced defendant to 210 months of imprisonment.

Defendant asserts that his sentence should be reduced based upon the Presidential Proclamation issued by President Joe Biden on October 6, 2022, in which he pardoned "all current United States citizens and lawful permanent residents who committed the offense of simple possession of marijuana in violation of the Controlled Substances Act, as currently codified at 21 U.S.C. § 844 and as previously codified elsewhere in the United States Code, or in violation of D.C. Code 48-904.01(d)(1), on or before the date of this proclamation."  *See*, https://www.whitehouse.gov/briefing-room/presidential-actions/2022/10/06/granting-pardon-for-the-offense-of-simple-possession-of-marijuana (last accessed on February 14, 2023).

"'[A] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"  United States v. Castenada-Ulloa, 818 Fed. Appx. 813, 815 (10th Cir. 2020) (quoting United States v. White, 765 F.3d 1240, 1244 (10th Cir. 2014)).  "Congress has provided the court with the authority to modify previously imposed sentences in three, very limited circumstances."  Those circumstances are "set forth in 18 U.S.C. § 3582(c)."  United States v. Mannie, 971 F.3d 1145, 1148 (10th Cir. 2020).  One such circumstance is the circumstance that defendant relies upon, "§ 3582(c)(2), which 'permit[s] defendants whose Guidelines sentencing range has been lowered by retroactive amendment to move for a sentence reduction if the terms of the statute are met.'"  Castenada-Ulloa, 818 Fed. Appx. at 815 (quoting White, 765 F.3d at 1245).

Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

> subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  Therefore, "'[i]f an amendment applies retroactively, [§ 3582(c)(2)] authorizes district courts to reduce the sentences of prisoners who were sentenced based on a Guidelines range that would have been lower had the amendment been in place when they were sentenced.'"  Castenada-Ulloa, 818 Fed. Appx. at 816 (quoting Hughes v. United States, 138 S. Ct. 1765, 1773 (2018)).

In his motion, defendant does not base his sentence reduction request on a sentencing range that the Sentencing Commission later lowered or on a retroactively applicable Guidelines amendment.  Instead, as stated, he relies upon a Presidential Proclamation.  Because § 3582(c)(2) authorizes sentence reductions only where a term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," § 3582(c)(2) does not authorize the court to grant the relief defendant requests.  Therefore, the court concludes that it lacks jurisdiction to reduce defendant's sentence under § 3582(c)(2).  *See*, United States v. Warren, 22 F.4th 917, 926 (10th Cir. 2022) (stating that unless the basis for resentencing falls within one of the specified categories authorized by § 3582(c), which governs sentencing modification, the district court lacks jurisdiction); *see also*, Castenada-Ulloa, 818 Fed. Appx. at 816 (holding that district court lacked jurisdiction to reduce sentence under § 3582(c)(2) where

defendant sought sentence reduction based on acts of Congress, not on a Guidelines sentencing range that the Sentencing Commission lowered after his conviction).[2]

Accordingly, defendant Roger Preston Kuhn's Petition for a Sentence Reduction Per 18 U.S.C. Sec. 3582(c)(2) and Presidential Decree (doc. no. 49) is **DISMISSED** for lack of jurisdiction.

IT IS SO ORDERED this 15th day of February, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0111p007.docx

---

[2] The court notes that the Presidential Proclamation only applies to federal convictions for simple possession of marijuana. Defendant's criminal history category was calculated based upon state convictions. Further, in determining a defendant's criminal history under the sentencing guidelines "pardoned convictions 'should be counted in the same way as they would be absent the pardon.'" United States v. Grubbs, 2023 WL 258352, at *2 (M.D. Ala. Jan. 18, 2023) (quoting United States v. Shazier, 179 F.3d 1317, 1319 (11th Cir. 1999)); *see also*, United States v. Hall, 473 F.3d 1295, 1313 (10th Cir. 2007) (determining a pardoned offense was properly counted in calculating criminal history).